Scileppi, J.,
(dissenting). In the present case, no sanity issue was proffered either on trial or by plea before trial. It cannot be that a question of the defendant’s sanity, whenever and however raised, requires the granting of the relief here awarded. The record indicates that the Trial Judge made extreme efforts to satisfy himself that the defendant possessed sufficient sanity to mount his own defense. Nevertheless, the majority says that there must be a hearing.
I disagree that the failure to hold a hearing on the defendant’s ability to stand trial warrants reversal. There is nothing .suggestive that such a hearing would have led the Trial Judge to any different result. He was aware of the situation, and had taken steps to assure himself that defendant was sane enough to go on trial. Under these circumstances, a hearing would be surplusage. In Pate v. Robinson (383 U. S. 375), the trial court rejected even the prosecutor’s attempts to introduce relevant psychiatric evidence. In the present case, the defense of insanity was not raised.
I also disagree with so much of the concurring opinion as indicates that the trial court’s failure to interpose the defense of insanity requires a new trial. The defendant elected to be Ms own lawyer, and tried the case on Ms own theory. An attorney was assigned to render whatever assistance he could. All reasonable precautions were taken to insure a fair and impartial trial.' The concurring opinion, however, says that this is not *297 enough. We must go further and require the Trial Judge to abandon his neutrality — the boast of our legal system — and assume an advocate’s mantle, presenting defenses omitted, neglected, or rejected by the defendant. This task should not be forced upon any court. In Gonzalez’ case, it might have been appropriate for the defense to rely upon insanity as a defense of confession and avoidance. But some later case may present the dilemma of a defense founded upon alibi and suggestive circumstances indicating that the defense might also rely on insanity to escape criminal liability. Is the court in that case to intrude and interpose the insanity defense? Such unwarranted action by the Trial Judge could well raise the inference that the defendant perpetrated the crime charged, in spite of the defense effort to establish alibi. I do not think the majority could sanction such a result, but I suggest that they have pointed the way.
The conviction should be affirmed.
Opinion by Judge Keating. All concur, Judge Bergan concurring in part and voting to order a new trial in a separate opinion in which Chief Judge Fuld and Judge Van Voorhis concur, and except Judge Scileppi, who dissents and votes to affirm in an opinion in which Judge Burke concurs. Judge Breitel taking no part.
Judgment modified by remanding the case to the Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.